**COZEN O'CONNOR**
BY:   Melanie A. Miller (MM 2992)
One Liberty Place
1650 Market St., Suite 2800
Philadelphia, PA 19103
(215) 665-2714 – Telephone
(215) 665-2412 – Facsimile
mmiller@cozen.com – E-mail

Attorneys for Plaintiffs
Celgene Corporation and Abraxis BioScience, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Celgene Corporation and,<br>Abraxis BioScience LLC<br><br>         Plaintiffs,<br><br>    v.<br><br>Circle of Professionals, Inc. d/b/a<br>SupremeMed Medical Supply,<br><br>         Defendant. | Civil Action No.: _____<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

### COMPLAINT

Plaintiffs, Celgene Corporation ("Celgene") and Abraxis BioScience, LLC ("Abraxis"), by and through their undersigned attorneys, for their complaint against Circle of Professionals, Inc. d/b/a SupremeMed Medical Supply ("Defendant"), allege as follows:

#### Parties

1. Plaintiff Celgene is a Delaware corporation with a place of business at 86 Morris Avenue, Summit, New Jersey 07901. Celgene acquired plaintiff Abraxis BioScience, LLC which is the owner of the registered trademark ABRAXANE®.

2. Defendant Circle of Professionals Inc. d/b/a SupremeMed Medical Supply is a California corporation with a mailing address at 7044 Sophia Ave, Van Nuys, California 91406, with an agent for service of process named Allen Hakimirad at the same address, and with an e-mail address at Care@suprememed.com.

## Jurisdiction and Venue

3. This action arises under the Acts of Congress under the Trademark and Lanham Acts, Title 15 U.S.C. § 1051, *et seq.*, and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law. A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district. As such, the Defendant should reasonably expect that their activities might have consequences herein.

4. This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

5. This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

6. The Defendant are subject to this Court's personal jurisdiction because, on information and belief, (1) they do substantial business in this district; and (2) they regularly solicit business from, do business with, and derive revenue from goods and/or services provided to customers in this district.

7. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391 (b) (2) and (c).

**Celgene's Business and Its Intellectual Property**

8.  Celgene is a global biopharmaceutical company. Celgene recently acquired Abraxis, the owner of the registered trademark ABRAXANE®, and the owner of all proprietary rights in and to the drug ABRAXANE®.

9.  Celgene and Abraxis are the owners of all proprietary rights in and to the drug ABRAXANE®, which is used to treat breast cancer that has spread to other parts of the body after treatment with certain other medicines has not worked. ABRAXANE® is indicated for the treatment of breast cancer after failure of combination chemotherapy for metastatic disease or relapse within six months of adjuvant chemotherapy. ABRAXANE® stops cancer cells from growing and dividing by interfering with certain cell structures and killing the cancer cells.

10. The ABRAXANE® drug is approved by the FDA, and Health Canada, and is currently available in the marketplace in the United States and Canada. The FDA has approved ABRAXANE®, which is taken through a prescription and by injection, for the treatment of patients with breast cancer. Health Canada has similarly approved ABRAXANE® for the treatment of patients with breast cancer.

11. Because one of the side effects associated with chemotherapy is a decrease in the number of infection fighting white blood cells, ABRAXANE® should not be given to patients with dangerously low white blood cell counts because of the risk for serious infections. As such, a patient's doctor should schedule blood tests to monitor the patient's white blood cell count before and during treatment with ABRAXANE®.

12. ABRAXANE® should be prescribed and dispensed under the care of an experienced cancer therapy doctor in a health care facility that is capable of managing the possible implications of treatment with ABRAXANE®.

13. Celgene and Abraxis are the owners of all trademark rights in and to the ABRAXANE® mark throughout the world, including the following registrations in the United States and Canada:

- U.S. Reg. No. 2,990,396 for ABRAXANE covering "injectable pharmaceutical for the treatment of cancer" in International Class 5;

- U.S. Reg. No. 3,007,995 for ABRAXANE & Design covering "pharmaceutical for the treatment of cancer" in International Class 5; and

- Canadian Reg. No. TMA698,266 for ABRAXANE & Design covering "pharmaceutical for the treatment of cancer" in International Class 5.

14. Celgene's and Abraxis' U.S. Reg. Nos. 2,990,396 and 3,007,995 for ABRAXANE and ABRAXANE & Design have acquired incontestable status. 15 U.S.C. §1065. Thus, the registration for these marks shall be conclusive evidence of the validity of the registered marks, of Celgene's and Abraxis' ownership of the marks, and of Celgene's and Abraxis' exclusive right to use the registered marks in commerce in connection with the pharmaceuticals specified in the affidavits filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

15. Celgene and Abraxis have expended significant time, energy and resources in the protection and promotion of the ABRAXANE® brand throughout the world.

16. The effectiveness of the ABRAXANE® drug, an immunomodulatory agent for the treatment of breast cancer, has delivered results in terms of treatment, and has resulted in significant commercial success.

17. Through Celgene's and Abraxis' use of the ABRAXANE® mark in connection with the drug, ABRAXANE® has become associated in the minds of the public with Celgene and Abraxis.

18. Celgene's and Abraxis' ABRAXANE® mark is strong, inherently distinctive, and represents the exceedingly valuable goodwill of Celgene and Abraxis.

## Defendant's Unlawful Conduct

19. Defendant Circle of Professionals Inc. d/b/a SupremeMed Medical Supply is a company that sells numerous branded and generic drugs to consumers throughout the United States.

20. Defendant solicits business throughout the United States, and sells drugs, including ABRAXANE® paclitaxel products to consumers in the District of New Jersey and to consumers throughout the United States.

21. Defendant owns and operates the website located at www.suprememed.com.

22. Since at least as early as June 2017, Defendant has been using the ABRAXANE® mark without authorization from Celgene, and has been advertising, selling, and/or distributing unauthorized ABRAXANE® to consumers in the United States, including consumers in the District of New Jersey.

23. Celgene and Abraxis, through their counsel, sent correspondence to Defendant, via the care@suprememed.com e-mail address, on June 19, 2017 and July 12, 2017 requesting that the Defendant cease and desist from all use of the ABRAXANE® mark in connection with the sale of ABRAXANE®, and cease all unauthorized advertising, sale and distribution of unauthorized ABRAXANE® to consumers in the United States.

24. Defendant did not respond to any of the aforementioned cease and desist correspondence from Celgene and Abraxis.

25. Despite being informed of Celgene's and Abraxis' trademark rights, the Defendant continues to willfully utilize the ABRAXANE® mark without Celgene's and Abraxis' authorization on the suprememed.com website in connection with the advertisement and sale of ABRAXANE®.

26. Despite being informed of the consumer health and safety risks inherent in the unauthorized sale of ABRAXANE® outside of the limited distribution channels, the Defendant

continues to willfully advertise, sell, and distribute unauthorized ABRAXANE® to consumers in the United States.

27. Defendant is not a Celgene-approved specialty pharmacy under the limited distribution program for ABRAXANE® in the United States or elsewhere.

28. Defendant is selling, distributing, and dispensing unauthorized ABRAXANE® outside of limited distribution channels and to patients who do not have prescriptions for this drug.

29. Defendant's distribution of unauthorized ABRAXANE® outside of the limited distribution channels creates serious health and safety risks for consumers, and could result in serious health consequences for consumers.

30. The ABRAXANE® drug offered for sale by Defendant is not manufactured by Celgene and Abraxis.

31. Celgene and Abraxis are not associated with Defendant and do not have any relationship with Defendant.

32. Defendant has not received authorization, nor obtained a license, from Celgene or Abraxis to use Celgene's and Abraxis' ABRAXANE® mark or to sell or distribute unauthorized ABRAXANE® in the United States. Similarly, Celgene and Abraxis have not acquiesced to Defendant's use of the ABRAXANE® mark or to Defendant's sale and distribution of unauthorized ABRAXANE® to customers in the United States.

33. Defendant's unauthorized use of the ABRAXANE® mark and sale and distribution of ABRAXANE® into the United States deceives the consumer into believing that they are purchasing genuine Celgene drugs.

34. Defendant's unauthorized use of the ABRAXANE® mark as well as Defendant's sale and distribution of ABRAXANE® into the United States falsely suggests that Defendant

6

and the ABRAXANE® product advertised, sold, and distributed by the Defendant are associated with or sponsored by Celgene and Abraxis.

35. Defendant's use of the ABRAXANE® mark and sale and distribution of ABRAXANE® into the United States will likely result in consumer confusion in the marketplace with regards to the source and/or sponsorship of the ABRAXANE® product advertised, sold, and distributed by the Defendant.

36. Defendant's continued use of the ABRAXANE® mark and/or sale and distribution of ABRAXANE® into the United States is undermining Celgene's and Abraxis' brand identity and the positive public perception of Celgene's and Abraxis' ABRAXANE® pharmaceutical product. Celgene's and Abraxis' goodwill is extremely valuable to Celgene and Abraxis and Defendant's actions are harming Celgene and Abraxis.

37. Defendant's activities are likely to cause confusion or mistake among prospective consumers, and are likely to mislead and/or deceive prospective consumers with respect to the origin and quality of the ABRAXANE® sold by Defendant.

38. Defendant's unauthorized use of Celgene's and Abraxis' ABRAXANE® mark and sale and distribution of ABRAXANE® into the United States constitutes unfair competition.

39. Defendant's distribution of unauthorized ABRAXANE® outside of the limited distribution channels creates serious health and safety concerns and exacerbates the likelihood that consumers will experience adverse health consequences when taking ABRAXANE®.

40. In light of Defendant's use of ABRAXANE® and unauthorized sale and distribution of ABRAXANE® into the United States, where Celgene is currently the exclusive FDA-approved manufacturer of ABRAXANE®, consumers will associate negative health consequences resulting from Defendant's distribution of unauthorized ABRAXANE® with Celgene and Abraxis and Celgene's and Abraxis' ABRAXANE® paclitaxel products, which will

irreparably damage the goodwill inherent in Celgene's and Abraxis' ABRAXANE® mark and in Celgene's and Abraxis' business reputation.

**COUNT I – TRADEMARK INFRINGEMENT**

41. Celgene and Abraxis repeat and re-allege, and incorporate by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

42. The federal registrations of Celgene's and Abraxis' ABRAXANE® marks evidences Celgene's and Abraxis' exclusive right to use their ABRAXANE® marks in connection with pharmaceutical preparations, namely, injectable pharmaceuticals for the treatment of cancer. 15 U.S.C. § 1115.

43. The federal registrations for Celgene's and Abraxis' ABRAXANE® marks conclusively evidences the validity of the registered marks, Celgene's and Abraxis' ownership of the marks, and Celgene's and Abraxis' exclusive right to use the ABRAXANE® marks in commerce. 15 U.S.C. §§ 1065, 1115.

44. The Defendant utilized, without authorization, the ABRAXANE® mark in connection with the unauthorized sale and distribution of unauthorized ABRAXANE®.

45. The Defendant's use of ABRAXANE® is identical in sound, meaning and appearance to Celgene's and Abraxis' ABRAXANE® marks. The marks create the same commercial impression and are confusingly similar.

46. The Defendant is marketing and distributing unauthorized ABRAXANE® drugs using the name ABRAXANE® to consumers in the United States and Canada.

47. The Defendant's adoption and use of the ABRAXANE® mark in connection with the sale of unauthorized ABRAXANE® drugs is likely to cause confusion, or mistake, or to deceive as to the source, affiliation, or sponsorship with Celgene's and Abraxis' ABRAXANE® marks in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-18.

48. This unauthorized use by the Defendant constitutes infringement of Celgene's and Abraxis' registered marks, described above, in violation of 15 U.S.C. § 1051 et seq., to the substantial and irreparable injury of the public and of Celgene's and Abraxis' marks, business reputation, and goodwill.

49. The activities of the Defendant complained of herein constitute willful and intentional infringement of Celgene's and Abraxis' federally registered ABRAXANE® marks, in derogation of Celgene's and Abraxis' rights in violation of 15 U.S.C. §§ 1114-18. Acts of infringement commenced and have continued in spite of the Defendant's knowledge that the use of Celgene's and Abraxis' ABRAXANE® mark was and is in contravention of Celgene's and Abraxis' rights.

50. Neither Celgene nor Abraxis have given the Defendant consent directly or indirectly to use the ABRAXANE® marks, or any mark similar thereto.

51. The Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Celgene and Abraxis in their marks and in their business, reputation, and goodwill.

52. Celgene's and Abraxis' damages from the aforesaid unlawful actions of the Defendant, to the extent ascertainable, have not yet been determined.

53. Celgene and Abraxis seek attorney's fees and costs given the willful conduct of the Defendant.

54. Celgene and Abraxis seek treble damages given the willful conduct of the Defendant.

### COUNT II – FEDERAL UNFAIR COMPETITION

55. Celgene and Abraxis repeat and re-allege, and incorporate by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

9

56. Celgene's and Abraxis' ABRAXANE® mark is distinctive and the relevant public associates the ABRAXANE® mark with Celgene and Abraxis and Celgene's and Abraxis' ABRAXANE® product.

57. Defendant utilizes the ABRAXANE® mark, without authorization from Celgene or Abraxis, in connection with the sale of unauthorized ABRAXANE®.

58. The ABRAXANE® pharmaceutical product offered for sale by Defendant is not manufactured by Celgene and Abraxis, and Celgene and Abraxis are not affiliated with Defendant and do not have any relationship with Defendant.

59. In light of the potential serious health and safety risks involved in taking the ABRAXANE® pharmaceutical product, the ABRAXANE® pharmaceutical product is subject to limited distribution and should only be taken by patients that have been prescribed ABRAXANE® by a physician and who are being monitored by a physician.

60. In light of the potential serious health and safety issues involved in taking the ABRAXANE® pharmaceutical product, any unauthorized distribution of ABRAXANE® could result in serious adverse health consequences for consumers.

61. Defendant's activities are likely to cause consumer confusion, mistake, or deception so that consumers are likely to believe, erroneously, that Celgene and Abraxis are affiliated or associated with Defendant and Defendant's unauthorized ABRAXANE® product.

62. Defendant has unfairly competed with Celgene and Abraxis in interstate commerce and in this district by various acts, including marketing, offering for sale, and selling ABRAXANE® and generic paclitaxel products using the ABRAXANE® designation and by selling ABRAXANE® outside the limited distribution programs and in violation of required health and safety guidelines. The aforementioned actions by Defendant constitute unfair

competition, which cause substantial and irreparable injury to the public and to Celgene's and Abraxis' ABRAXANE® mark, business reputation, and goodwill. 15 U.S.C. § 1125.

63. The activities of Defendant complained of herein constitute willful and intentional tort, in derogation of Celgene's and Abraxis' rights. Acts of unfair competition commenced and have continued despite Defendant's knowledge that Defendant's use of the ABRAXANE® mark and Defendant's sale and distribution of the unauthorized ABRAXANE® product and generic paclitaxel products to consumers in the United States was and is in contravention of Celgene's and Abraxis' rights.

64. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Celgene's and Abraxis' rights in its ABRAXANE® mark and in its business, reputation, and goodwill.

65. Celgene's and Abraxis' damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

66. Celgene and Abraxis seek attorney's fees and costs given the willful conduct of Defendant.

67. Celgene and Abraxis seek treble damages given the willful conduct of Defendant.

## COUNT III – FALSE DESIGNATION OF ORIGIN

68. Celgene and Abraxis repeat and re-allege, and incorporate by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

69. This cause of action is for false designation of origin pursuant to 15 U.S.C. § 1125 *et seq.*

70. Celgene's and Abraxis' ABRAXANE® marks are distinctive and the relevant public associates the ABRAXANE® marks with Celgene and Abraxis and with Celgene's and Abraxis' ABRAXANE® products.

71. Defendant utilizes the ABRAXANE® mark without authorization from Celgene or Abraxis in connection with the advertisement, sale, and distribution of unauthorized ABRAXANE®.

72. The ABRAXANE® drug offered for sale by Defendant is not manufactured by Celgene or Abraxis, and Celgene and Abraxis' are not affiliated with and do not have any relationship with Defendant.

73. Defendant's distribution of unauthorized ABRAXANE®, outside of the limited distribution channels, creates serious health and safety risks for consumers, and could result in serious health consequences for consumers.

74. Celgene and Abraxis have not directly or indirectly consented to Defendant's use of Celgene's and Abraxis' ABRAXANE® mark (or any mark similar thereto) or to Defendant's sale or distribution of unauthorized ABRAXANE® into the United States.

75. Defendant's use of the ABRAXANE® mark and sale and distribution of unauthorized ABRAXANE® to consumers in the United States is likely to cause consumer confusion, mistake, or deception so that consumers are likely to believe, erroneously, that Celgene and Abraxis are affiliated or associated with Defendant and Defendant's ABRAXANE® product. Accordingly, such conduct constitutes false designation of origin under Section 43(a) of the Lanham Act.

76. Defendant has caused confusion in interstate commerce and in this district by various acts, including advertising, offering for sale, selling, and distributing ABRAXANE® using the ABRAXANE® designation and by selling and distributing ABRAXANE® outside of the limited distribution programs and in violation of required health and safety guidelines.

77. Defendant had knowledge of the falsity of the designation of origin given that it was aware of, among other things, Celgene's and Abraxis' reputation and good will generated through their ABRAXANE® mark and their ABRAXANE® pharmaceutical product.

78. The Defendant's aforementioned actions are likely to confuse, mislead, and deceive members of the public as to the origin or sponsorship of Defendant's unauthorized ABRAXANE® product in violation of 15 U.S.C. § 1125(a).

79. Defendant's aforementioned actions constitute unfair competition and unfair trade practices, and are likely to cause confusion, mistake, or deception in violation of 15 U.S.C. § 1125(a).

80. Defendant's aforementioned conduct has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Celgene and Abraxis, and to Celgene's and Abraxis' business, reputation and goodwill.

81. Celgene's and Abraxis' damages from the aforementioned unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

82. Celgene and Abraxis seek attorney's fees and costs given the willful conduct of Defendant.

83. Celgene and Abraxis seek treble damages given the willful conduct of Defendant.

**COUNT IV – VIOLATION OF NEW JERSEY DECEPTIVE TRADE PRACTICES ACT**

84. Celgene and Abraxis repeat and re-allege, and incorporate by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

85. Defendant has practiced deceptive business and trade practices in interstate commerce and in this district by various acts, including advertising, offering for sale, selling, and distributing ABRAXANE® using the ABRAXANE® designation and by selling unauthorized ABRAXANE® in violation of required health and safety guidelines.

86. Defendant's aforementioned conduct constitutes unfair, unlawful, and deceptive business and trade practices in violation of N.J. Stat. § 56:8-2.

87. Many of these wrongful acts occurred in the State of New Jersey and harmed the New Jersey public at large.

88. These wrongful acts have proximately caused and continue to cause Celgene and Abraxis substantial injury, including loss of customers, dilution of their goodwill, confusion of potential customers, injury to their reputation, and diminution in the value of their products and technology. These actions will cause imminent irreparable harm and injury to Celgene and Abraxis, the amount of which will be difficult to ascertain, if they continue.

89. Celgene and Abraxis are without an adequate remedy at law.

90. Celgene and Abraxis are entitled to an injunction restraining Defendant, and all persons or entities acting in concert with it, from engaging in further such unlawful and deceptive conduct.

91. Celgene and Abraxis are entitled to recover from Defendant the damages sustained by it as a result of Defendant's wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time.

92. Celgene and Abraxis are further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful acts as hereinabove alleged. Celgene and Abraxis are currently unable to ascertain the full extent of these gains, profits, and advantages, but Celgene and Abraxis are informed and believe, and based thereon alleges, that Defendant has obtained such gains, profits, and advantages in an amount thus far undetermined, but in excess of $75,000.

93. The conduct of Defendant was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of Celgene and Abraxis, and Celgene and Abraxis are therefore entitled to punitive damages against Defendant.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Celgene and Abraxis pray for relief against Defendant as follows:

(1) That the Court preliminary and permanently enjoin and restrain Defendant, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

    (a) infringing, inducing or contributing to the infringement of Celgene's and Abraxis' intellectual property;

    (b) engaging in any acts or activities directly or indirectly calculated to infringe the ABRAXANE® marks;

    (c) using in selling, offering for sale, promoting, advertising, marketing or distributing of press releases, articles, advertisements or marketing materials that infringe upon Celgene's and Abraxis' rights;

    (d) using any designation, term, mark, slogan, logo, configuration or design that is confusingly similar to the ABRAXANE® marks;

    (e) engaging in any activity constituting unfair competition with Celgene and Abraxis; or

    (f) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Celgene and Abraxis or (ii) Celgene's and Abraxis' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant.

(2) That the Court find that the Defendant is infringing Celgene's and Abraxis' ABRAXANE® mark, is falsely designating the origin of its goods, and is competing unfairly with Celgene and Abraxis.

(3) That the Court Order the Defendant to deliver up to Celgene and Abraxis for destruction, at the Defendant's expense, all newsletters, articles, web site materials, literature, brochures, promotional materials, advertisements and other communications to the public in the possession or under the control of the Defendant, and any other material or any representations that are or may contain designations similar to the ABRAXANE® marks.

(4) That the Court Order Defendant to account for and to pay over to Celgene and Abraxis all damages suffered by Celgene and Abraxis as a result of Defendant's unfair competition.

(5) That the Court Order Defendant to account for and to pay over to Celgene and Abraxis all damages suffered by Celgene and Abraxis as a result of Defendant's false designation of origin.

(6) That the Court Order Defendant to account for and pay over to Celgene and Abraxis all profits received by Defendant from its unlawful acts, and for its deceptive trade practices, in an amount consisting of the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts as hereinabove alleged, which damages will be proven with greater precision at trial.

(7) That the Court Order Defendant to account for and pay over to Celgene and Abraxis all profits received by Defendant from its unlawful acts.

(8) That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendant so as to prevent fraud on the Court and so as to

ensure the capacity of Defendant to pay, and the prompt payment of, any judgment entered against Defendant in this action.

(9) That the Court award Celgene and Abraxis their compensatory, incidental, and consequential damages.

(10) That the Court award Celgene and Abraxis enhanced, treble, and/or punitive damages.

(11) That the Court award Celgene and Abraxis their reasonable attorney's fees and the costs of this action.

(12) That the Court grant Celgene and Abraxis such other relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Celgene demands a trial by jury on all triable issues of fact.

Dated:  January 4, 2018

Respectfully submitted by:

COZEN O'CONNOR

/s/ Melanie A. Miller
One Liberty Place
1650 Market St., Suite 2800
Philadelphia, PA 19103
(215) 665-2714 – Telephone
(215) 665-2412 – Facsimile
mmiller@cozen.com – E-mail

and

Camille M. Miller (to be admitted pro hac vice)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-7273 – Telephone
(215) 701- 2273 – Facsimile
cmiller@cozen.com – E-Mail

*Attorneys for Plaintiffs Celgene Corporation and Abraxis BioScience LLC*